IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMERISURE INSURANCE COMPANY and
AMERISURE MUTUAL INSURANCE COMPANY,

Plaintiffs,

v.                                                                    CIVIL ACTION NO: 20-CV-58

CORNER STONE CONSTRUCTION OF
JANESVILLE, INC. and CRANE CONSTRUCTION
COMPANY,

Defendants.

## AMERISURE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively "Plaintiffs" or "Amerisure"), by and through their attorneys, von Briesen & Roper, s.c., hereby bring their Complaint for Declaratory Judgment against Corner Stone Construction of Janesville, Inc. and Crane Construction Company and allege as follows:

### THE PARTIES

1.      Amerisure is an insurance company licensed to issue policies in the State of Wisconsin with its principal place of business located in Farmington Hills, Michigan.

2.      Defendant, Corner Stone Construction of Janesville, Inc. ("Corner Stone"), is a Wisconsin Corporation with a principal place of business of 9204 N. Newville Road, Janesville, Wisconsin 53547.

3.      Defendant, Crane Construction Company ("Crane"), is a Missouri Corporation with its principal place of business located in Andrew County, Missouri.

## NATURE OF THE CASE

4.      Pursuant to 28 U.S.C. §2201 of the federal Declaratory Judgment Act, Amerisure is seeking a declaration that it has no duty to defend Corner Stone nor a duty to pay any damages that might be awarded against Corner Stone in certain underlying litigation, described more fully below.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because there is complete diversity between the parties: Amerisure is a Michigan corporation with its principal place of business in Michigan; Defendant, Corner Stone, is a Wisconsin corporation with its principal place of business in Wisconsin, and; Defendant, Crane, is a is a Missouri Corporation with its principal place of business located in Missouri; and the controversy involves claims in excess of $75,000.

6.      Venue is proper in this Court because the Defendant, Corner Stone, is located in this District and regularly conducts business in this District, the policies of insurance at issue in this action were issued by Amerisure to Corner Stone in this District, and the underlying transactions giving rise to this action took place in this District.

## THE UNDERLYING LITIGATION

7.      Amerisure seeks a declaratory judgment as to its rights and obligations, if any, under policies of insurance that Amerisure issued to Corner Stone in connection with a lawsuit filed by Crane against Corner Stone in the Circuit Court of Andrew County, Missouri, styled as *Crane Construction Company v. Corner Stone Construction of Janesville, Inc.*, Civil Action No.

18AW-CC00146 ("Underlying Complaint" or "Underlying Litigation").  Attached as Exhibit A is a true and correct copy of the operative Underlying Complaint.

8.    Although Crane is not named in the Policies issued by Amerisure to Corner Stone it is named as a party to this case because it is the plaintiff in the Underlying Litigation and it has an interest in the Court's coverage determination in this case.

9.    The Underlying Complaint alleges that in August of 2017 Crane and Kohl's Department Stores, Inc. ("Kohl's") entered into a contract whereby Crane was to serve as the general contractor for the construction of a new Kohl's department store in Greenfield, Wisconsin (the "Project"). (Underlying Complaint, Ex. A, ¶ 5).

10.    The Underlying Complaint alleges that on or about July 21, 2017 Crane entered into a subcontract with Corner Stone wherein Corner Stone agreed to perform the masonry work for the Project, and that the subcontract amount was $489,000. (*Id*. at ¶¶ 7-9). A true and correct copy of the subcontract between Crane and Corner Stone for the project is attached as Exhibit 1 to Exhibit A, attached hereto.

11.    Crane alleges that during the course of Corner Stone's work it was determined that Corner Stone failed to properly perform its work in a number of respects including, but not limited to, failing to properly construct masonry walls by omitting or using improper steel reinforcement, grout and other contractually-required elements. (*Id*. at ¶ 12).

12.    The Underlying Complaint alleges that further investigations have revealed numerous deviations and omissions from the subcontract requirements on the part of Corner Stone. (*Id*. at ¶ 14).

13.     Kohl's has directed that Crane take all remediation steps necessary to bring the Project into compliance with plans and specifications, and that Corner Stone have no further involvement with the Project. (*Id*. at ¶¶ 18-19).

14.     The Underlying Complaint alleges that the remediation costs related to Corner Stone's work may exceed $900,000 and that Corner Stone is responsible for all costs incurred by Crane and/or Kohl's in remedying the defects in Corner Stone's work. (*Id*. at ¶¶ 21-22).

15.     The Underlying Complaint asserts four counts against Corner Stone: 1) Breach of Contract; 2) Breach of Warranty; 3) Negligence; and 4) Declaratory Judgment. The Underlying Complaint seeks compensatory damages pursuant to the subcontract between Crane and Corner Stone.

## THE AMERISURE POLICIES

16.     Amerisure Insurance Company issued Commercial General Liability policy number CPP20926000301 and Amerisure Mutual Insurance Company issued Commercial Liability Umbrella policy number CU 20926050302 to Corner Stone for the policy period 6/1/17 to 6/1/18 (the "Policies"). Attached as Exhibit B is a copy of the Policies.

17.     Corner Stone tendered the defense of the Underlying Action to Amerisure and Amerisure agreed to provide a defense, subject to a complete reservation of Amerisure's rights under the Policies. Amerisure expressly reserved its right to deny liability, contest coverage and withdraw from the defense of Corner Stone. Amerisure also reserved its right to seek reimbursement of defense costs incurred in the Underlying Action.

18.     Corner Stone contends that Amerisure has an obligation to defend and indemnify it under the Policies issued to Corner Stone.

19.     Amerisure does not owe a duty to defend or indemnify Corner Stone for the Underlying Litigation, based upon the terms and conditions of the Policies, including applicable exclusions and endorsements.

20.     The allegations against Corner Stone in the Underlying Complaint do not trigger coverage, or are otherwise excluded from coverage, under the Policies.

## FIRST CLAIM

21.     Amerisure realleges and incorporates by reference Paragraphs 1 through 20.

22.     The Policies do not afford coverage for the claims alleged against Corner Stone in the Underlying Complaint.

## SECOND CLAIM

23.     Amerisure realleges and incorporates by reference Paragraphs 1 through 22.

24.     In order for coverage to exist under the Policies, the Underlying Complaint must allege "property damage" caused by an "occurrence." The Underlying Complaint fails to allege "property damage" caused by an "occurrence" and, therefore, there is no coverage under the Policies.

## THIRD CLAIM

25.     Amerisure realleges and incorporates by reference Paragraphs 1 through 24.

26.     The Policies provide coverage for "property damage" only if the "property damage" occurs during the policy period identified in the policies. To the extent any alleged "property damage" occurred outside of the policy period, there is no coverage.

## FOURTH CLAIM

27.     Amerisure realleges and incorporates by reference Paragraphs 1 through 26.

28.     If there was "property damage" that occurred prior to the policy period identified in the Policies and Corner Stone was aware of that "property damage," coverage is excluded by the known loss provisions of the Policies.

## FIFTH CLAIM

29.     Amerisure realleges and incorporates by reference Paragraphs 1 through 28.

30.     To the extent that Corner Stone has other insurance applicable to the claims asserted in the Underlying Litigation and to the extent such other insurance is primary to any coverage that might be provided by Amerisure, there is no coverage.

## SIXTH CLAIM

31.     Amerisure realleges and incorporates by reference Paragraphs 1 through 30.

32.     The Policies do not provide coverage to the extent Corner Stone failed to perform an obligation owed or a condition under the Policies, including, but not limited to, the obligation to notify Amerisure as soon as practicable of an "occurrence" or an offense which may result in a claim, the obligation to provide written notice to Amerisure as soon as practicable of any claim or "suit" that is brought against an insured, and the obligation to immediately send to Amerisure copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit".

## SEVENTH CLAIM

33.     Amerisure realleges and incorporates by reference Paragraphs 1 through 32.

34.     Pleading in the alternative, if the Court determines that the Underlying Litigation involves "property damage" caused by an "occurrence", and if the Court does not absolve Amerisure of its defense or indemnity obligation by determining that all damage and/or injury occurred outside of the policy period identified in the Policies, involved a known loss or is

barred by a breach of a condition in the Policies, Amerisure is not obligated to indemnify Corner Stone in connection with the Underlying Litigation under the Policies for the following reasons:

a. The Policies exclude "property damage" expected or intended from the standpoint of the insured. To the extent any damage claimed in the Underlying Litigation was expected or intended from the standpoint of Corner Stone, the Policies do not provide coverage;

b. The Policies exclude "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." The exclusion does not apply if the damaged work or the work out of which the damage arises was performed on Corner Stone's behalf by a subcontractor (the "your work" exclusion). The "your work" exclusion applies and, therefore, the Policies do not provide coverage; and

c. The Policies exclude "'property damage' to 'impaired property' or property that has not been physically injured, arising out of: (1)[a] defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work' (as defined by the Policies)." The exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to Corner Stone's work after it has been put to its intended use (the "impaired property" exclusion). The impaired property exclusion applies and, therefore, there is no coverage under the Policies.

**EIGHTH CLAIM**

35.    Amerisure realleges and incorporates by reference Paragraphs 1 through 34.

36.     The Policies contain an endorsement, "Exclusion - Construction Management Errors and Omissions," which excludes "bodily injury," "property damage," or "personal and advertising injury" arising out of: "1.    [t]he preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or 2. [i]nspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager."  The exclusion does not apply to "bodily injury" or "property damage" "due to construction or demolition work done by you, your 'employees' or your subcontractors." (The "construction management errors and omissions" exclusion).  The construction management errors and omissions exclusion applies and, therefore, there is no coverage under the Policies.

37.     The Policies contain an endorsement, "Exclusion - Contractors - Professional Liability," which excludes coverage for "bodily injury," "property damage," or "personal and advertising injury" arising out of "the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations: a. [p]roviding engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and b. [p]roviding, or hiring independent professionals to provide engineering, architectural or surveying services in connection with construction work you perform."  Professional services include: "a. [p]reparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and b. [s]upervisory or inspection activities performed as part of any related architectural or engineering activities."  "Professional services

do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor."   (The "professional liability services" exclusion).   The professional liability services exclusion applies and, therefore, there is no coverage under the Policies.

## NINTH CLAIM

38.     Amerisure realleges and incorporates by reference Paragraphs 1 through 37.

39.     The Policies contain other terms, conditions and exclusions which may individually or collectively exclude or reduce coverage for Corner Stone including but not limited to the following:

> a.     The Policies provide coverage only for named insured(s) or additional insured(s) as defined by the Policies. To the extent that any damage claimed is attributable to entities which are not the named insured(s) or additional insured(s) as defined by the Policies, the Policies do not provide coverage.
>
> b.     The Policies cover sums the insured legally must pay as damages. To the extent the Underlying Complaint seeks injunctive relief or any relief other than damages there is no coverage under the Policies.
>
> c.     The Policies contain an exclusion for contractual liability which precludes coverage for "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. To the extent this exclusion applies, the Policies do not provide coverage.

d.      The Policies contain certain business risk exclusions in addition to the ones identified above. To the extent the business risk exclusions apply, the Policies do not provide coverage.

e.      The Policies do not provide coverage to the extent the insured seeks coverage for fines, or civil or criminal penalties against the insured, including punitive or exemplary damages.

f.      The Policies do not provide coverage for indemnity in excess of the applicable limits identified in the Policies.

g.      The Policies do not provide coverage to the extent the insured failed to mitigate, minimize or avoid any damage allegedly sustained.

h.      The Policies do not provide coverage for costs incurred in the ordinary course of business.

**WHEREFORE**, Amerisure Insurance Company and Amerisure Mutual Insurance Company respectfully request that this Honorable Court enter judgment in favor of Plaintiffs declaring that:

A.      Plaintiffs have no duty to defend or indemnify Corner Stone under the Policies in the Underlying Litigation;

B.      For contribution and/or indemnification from one or more parties to this action;

C.      For their costs, disbursements, and fees as provided by law; and

D.      For such other relief as the Court deems just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY A TWELVE PERSON JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted the 22nd day of January, 2020.

von BRIESEN & ROPER, s.c.

By: _electronically signed by John P. Pinzl_
Heidi L. Vogt, SBN 1001318
John P. Pinzl, SBN 1090496
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI  53202
Telephone:  (608) 287-3930
Facsimile:  (608) 316-3148
E-mail:  jpinzl@vonbriesen.com

*Attorneys for Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company*

34155144_1.DOCX

11